The plaintiff, who at all relevant times was an inmate in the custody of the Massachusetts Department of Correction, filed this action under 42 U.S.C. §§ 1983, 1985, and 1988 alleging that the defendants violated, and conspired to violate, his civil rights by acting with deliberate indifference to his medical needs. A Superior Court judge dismissed the complaint under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), for failure to state a claim upon which relief can be granted. The plaintiff appeals.
The complaint alleges the following facts, which we accept as true. See Goodwin v. Lee Pub. Schs., 475 Mass. 280, 284 (2016). On October 10, 2015, the plaintiff was denied his "Medically approved" "diabetic Snack when he tried to obtain his meal." That same day he "contacted the C/O [correction officer] who was assigned to cover the Inmate Dining Hall" and " '[J]eremy' the Nurse," asking "about the Plaintiff not being able to receive [sic ] his diabetic snack in the A.M. as he always did in the Morning for three (3) Years." Although "[t]he Nurse said he would look into the matter," the plaintiff did not receive a reply. The plaintiff then filed a grievance, which was denied "as Non-Grievable" by MPCH unit director Paul Caratozzola. The plaintiff appealed the denial to MPCH grievance coordinator Linda Farag. When Farag did not respond for several weeks, the plaintiff wrote a letter to MPCH nursing director Patty Davenport-Mello, asking "for her assistance in the plaintiff receiving [sic ] a response to his filed Grievance." Several days later, the plaintiff received "the appealed [sic ] Grievance from ... Farag and ... Davenport-Mello['s] letter the Plaintiff wrote to her."
Were we to construe these allegations as challenging a one-time denial of the plaintiff's diabetic snack on October 10, 2015, we would agree with the judge that they do not " 'plausibly suggest[ ]' ... an entitlement to relief" under 42 U.S.C. § 1983. Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting from Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). To prove deliberate indifference, the plaintiff would have to show that the defendants' conduct constituted "an unnecessary and wanton infliction of pain," "repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). See Langton v. Commissioner of Correction, 34 Mass. App. Ct. 564, 572-573 (1993) ; Torraco v. Maloney, 923 F.2d 231, 235 (1st Cir. 1991) ; DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). The plaintiff would have no plausible claim that the defendants acted with culpability rising to this level if the basis of his complaint is that he was denied his diabetic snack on a single occasion on October 10, 2015, and the defendants denied his subsequent grievance.
Even under the tightened pleading standards of Iannacchino, however, we must construe complaints liberally and in a manner that "do[es] substantial justice." Mass.R.Civ.P. 8(f), 365 Mass. 749 (1974). Cf. Cannonball Fund, Ltd. v. Dutchess Capital Mgmt., LLC, 84 Mass. App. Ct. 75, 99 (2013). A liberal reading of this complaint permits an inference that the plaintiff is alleging that the officials charged with his medical care are depriving him of necessary treatment on an ongoing basis. Indeed, in their motion to dismiss, the defendants asserted that it was unclear from the complaint whether "the diabetic snack was only denied on October 10, 2015, or if the alleged denial of this diabetic snack is ongoing."[4] Although the defendants argued that, either way, the plaintiff cannot establish that his diabetic snack is a serious medical need, their argument does not apply the correct pleading standard. To withstand a motion to dismiss, a complaint "does not need detailed factual allegations," but only allegations that "raise a right to relief above the speculative level." Iannacchino, 451 Mass. at 636, quoting from Bell Atl. Corp., 550 U.S. at 555. Contrary to the defendants' assertions, therefore, the plaintiff was not required to allege that he was "medically diagnosed with diabetes" or that "a physician had previously prescribed him a diabetic snack." It was sufficient at the pleadings stage that he alleged that the diabetic snack was "Medically approved." Thus, we conclude that the plaintiff has set forth sufficient allegations to state a claim under § 1983.[5]
The claim under § 1985 stands on different footing, however. The complaint does not allege facts plausibly suggesting the existence of a conspiracy fueled by some "class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (quotation omitted). Knowlton v. Shaw, 704 F.3d 1, 12 (1st Cir. 2013). The § 1985 claim was therefore properly dismissed.
Accordingly, so much of the judgment as dismissed the claim under 42 U.S.C. § 1985 is affirmed. In all other respects, the judgment is reversed.[6]
So ordered.
Judgment reversed.

The defendants could have moved for a more definite statement under Mass.R.Civ.P. 12(e), 365 Mass. 754 (1974), but did not do so.

Although the defendants are correct that there is no respondeat superior liability under § 1983, MPCH could still be held liable for any unconstitutional acts of the individual defendants if those acts "may fairly be said to represent official policy." Monell v. Department of Social Servs. of the City of N.Y., 436 U.S. 658, 694 (1978). Blackburn v. Snow, 771 F.2d 556, 571 (1st Cir. 1985).

Our memorandum and order pursuant to rule 1:28 previously issued in this case has been vacated, and this decision has been substituted.